# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLYNDA HOLCOMB, | Case No. 2:23-cv-01238-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| MARTIN O'MALLEY, Commissioner of Social Security, *et al.*, | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion to Enter New Medical Evidence (ECF No. 44). Defendant filed a response in opposition (ECF No. 52).

Plaintiff seeks to enter three additional documents into the record: (1) laboratory results from August 2021 (ECF No. 44-1 at 1-3); (2) laboratory results from October 2023 (ECF No. 44-1 at 4-7); and (3) an unattributed, unsigned summary of the October 2023 laboratory results (ECF No. 44-2). While the Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security", it is without authority to amend the administrative record. 42 U.S.C. § 405(g); *Wetzler v. Colvin*, No. C15-1074-BHS-DWC, 2016 WL 4376635, at \*3 (W.D. Wash. July 11, 2016) (§ 405(g) "does not provide the Court with a procedure for amending the administrative record on appeal.").

The Court may remand a case for further consideration if meaningful or informed judicial review is hampered by an inadequate record. *Id.* at 2 (citing *Hill v. Astrue*, 526 F.Supp.2d 1223, 1228 (D. Kan. 2007)). However, the records submitted by Plaintiff do not require remand for further consideration. First, the August 2021 lab results are already in the administrative record. *See* ECF No. 34 at 1455. Further, the laboratory results and summary from October 2023 post-date the period of review, January 13, 2013 through March 4, 2022, the date of the ALJ's decision. The Court's review is limited to determining whether the claimant was disabled through

the date of the ALJ decision. *Batson v. Comm'r of the Soc. Sec. Admin*, 359 F.3d 1190, 1193, n. 1 (9th Cir. 2001). The appropriate action when a claimant experiences worsening or new impairments is to file a new application for benefits. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001). Therefore, the Court denies the motion to enter new medical evidence.

To the extent that Plaintiff seeks immediate payment of benefits, the Court has already denied a motion for immediate payment of benefits and warned Plaintiff that it would not reconsider the issue until a determination in Plaintiff's favor has been made. *See* ECF No. 42. Therefore, the portion of Plaintiff's motion seeking immediate payment is also denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enter New Medical Evidence (ECF No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant file a response to Plaintiff's Motion for Unfavorable Reversal (ECF No. 43) within twenty-one (21) days of the entry of this order. Plaintiff shall file a reply in support of her motion fourteen (14) days after being served with Defendant's response.

DATED: February 5, 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE