# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Glynda H.,[1] | Case No. 2:23-cv-01238-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Social Security Administration, et al., | |
| Defendants. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act. Plaintiff moved to reverse the decision. ECF No. 43. The Commissioner opposed Plaintiff's motion for reversal and filed a cross-motion to remand. ECF Nos. 56, 57. Plaintiff did not respond or reply. For the reasons discussed below, the Court denies Plaintiff's motion, grants the Commissioner's motion, and remands for further proceedings.

## I.    BACKGROUND

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act as well as supplemental security income under Title XVI in late 2019 and early 2020, respectively. Administrative Record ("AR") 454, 456. The Social Security Administration denied her applications. AR 324. It also denied her applications upon reconsideration. AR 338, 351. In 2022, Plaintiff appeared at a hearing in front of Administrative Law Judge ("ALJ") Norman Hemming. AR 34. Though Plaintiff proceeds pro se here, she was represented by an attorney at the time of the hearing. *Id.* One month later, the ALJ issued his decision, in which he found that Plaintiff had a residual functional capacity ("RFC") to perform light work with no limitation on public contact. AR 19. He further found that Plaintiff was not disabled. AR 26. The Appeals Council declined to review his decision, and Plaintiff appealed to this Court. AR 1.

---

[1]  In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

## II.    STANDARD OF REVIEW

Administrative decisions in Social Security disability-benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the Court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten*

*v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### A. Disability evaluation process and the ALJ decision

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the

ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national

economy within the last 15 years. The work also must have lasted long enough for the individual

to learn the job and to have performed an SGA. If the individual has the RFC to perform her past

work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any

PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any

other work considering her RFC, age, education, and work experience. 20 C.F.R.

§ 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability.

Although the individual generally continues to have the burden of proving disability at this step,

a limited burden of going forward with the evidence shifts to the Commissioner. The

Commissioner is responsible for providing evidence demonstrating that other work exists in

significant numbers in the economy that the individual can do. *Bowen v. Yuckert*, 482 U.S. 137,

141–42 (1987).

*Here*, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R.

§ 404.1520(a).

At step one, the ALJ found that Plaintiff had not been engaged in substantial gainful

activity since the alleged onset of her disability in 2013. AR 17.

At step two, the ALJ concluded that Plaintiff had the following severe impairments:

obesity; dysfunction of major joints; fractures of lower extremity; anxiety and obsessive-

compulsive disorder; and depressive, bipolar, and related disorders. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P,

Appendix 1. *Id.*

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform

light work as defined in 20 CFR 416.967(b), except that:

> the claimant can frequently climb ramps and stairs, and can frequently balance, stoop,
> kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds. The claimant
> can have frequent exposure to hazards. She ambulates with the assistance of a handheld
> assistive device; to wit: a cane. The claimant's concentration is limited to two-hour
> segments at a time with five-minute intervals before returning to task. The claimant can

frequently interact with supervisors. She is limited to tolerating few changes in a routine work environment and is limited to simple, work-related decisions.

AR 19 (cleaned up). Notably, this RFC determination did not include a limit on Plaintiff's contact with the public.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 25.

At step five, the ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant number in the national economy that she could perform. *Id.* The ALJ concluded that a finding of "not disabled" was appropriate under the above framework. AR 26.

III.   **ANALYSIS**

A.  **Each of Plaintiff's arguments do not provide a sufficient basis for this Court to reverse the Commissioner's finding of non-disability.**

When considering pro se motions, "courts are to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987). Such lenience extends to social-security cases. *Murphy v. Astrue*, 438 F. App'x 552, 552 (9th Cir. 2011). This Court previously instructed Plaintiff that, to obtain relief, she must explain how the ALJ erred and cite to the record. ECF No. 42. Still, Plaintiff failed to do so. The Court addresses each of her arguments below.

*1.   The Court will not admit outside evidence into the administrative record.*

Plaintiff seeks to introduce two types of outside evidence. ECF No. 43 at 1, 3. First, Plaintiff argues that the Court should incorporate new medical evidence into the record, and she suggests that this new evidence warrants reversal. ECF No. 43 at 1. The Court denied this exact argument in a previous order. *See* ECF No. 44 (Plaintiff's Motion to Enter New Medical Evidence and for Immediate Pay Under Seal); *see also* ECF No. 55 (denying Plaintiff's motion and declining to remand). Consequently, the Court has no reason to consider this argument further. Second, Plaintiff argues that a disability determination by a private, state-contracted group should be in the existing record. ECF No. 43 at 3. As this Court has previously stated, "it

is without authority to amend the administrative record." ECF No. 55 at 1; *see also Wetzler v. Colvin*, No. C15-1074-BHS-DWC, 2016 WL 4376635, at *3 (W.D. Wash. July 11, 2016) (§ 405(g) "does not provide the Court with a procedure for amending the administrative record on appeal."). Therefore, the Court will not include this previous determination in the record or consider it further.

### 2. *Plaintiff has not shown that the ALJ was biased.*

Next, Plaintiff argues that the record does not contain substantial evidence because the ALJ was biased. ECF No. 43 at 4. Plaintiff states that an independent writers' group reviewed the decision and found "plagiarism, inconsistencies, and vagueness." *Id.* The Commissioner contends that this argument is baseless. ECF No. 56 at 7.

Courts begin with the presumption that an ALJ was unbiased. *Bayliss v. Barnhart*, 427 F.3d 1211, 1215 (9th Cir. 2005). To rebut this presumption, a plaintiff must show a "conflict of interest or some other specific reason for disqualification." *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). To succeed in a bias claim, the plaintiff must also show that "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir.2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)).

Here, Plaintiff has not come close to rebutting this presumption. As discussed above, Plaintiff only offers the writers' group's finding to support her bias claim. Putting aside the fact that this finding is outside evidence, it fails to show a conflict of interest, a "specific reason" to disqualify the ALJ, or that the ALJ could not render a fair judgment. Accordingly, Plaintiff has not shown that the ALJ was biased.

### 3. *Plaintiff's claim that she did not receive certain portions of the administrative record does not provide a basis for reversing the ALJ's decision.*

Finally, Plaintiff argues that she "was never given a complete summary of all testimony adduced at Appeals Council Review level following an administrative hearing between 2019 and 2021." ECF No. 43 at 4. She goes on to suggest that she did not receive the full hearing file that

7

1   she requested under DI 81001.030. *Id.* Plaintiff uses this to argue that the Commissioner

2   attempted to suppress or remove substantial evidence that would support a finding of disability.

3   *Id.* at 4–5. The Commissioner responded that they did produce the entire administrative record,

4   including transcripts from the hearings, and that Plaintiff's argument lacks merit. ECF No. 56 at

5   8.

6       The Court finds Plaintiff's argument that the Commissioner suppressed or removed

7   evidence from the administrative record unconvincing. The Ninth Circuit has chosen not to

8   address issues that a claimant fails to argue "with any specificity" in their briefing. *Carmickle v.*

9   *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Accordingly, the Court will

10  not consider Plaintiff's suppression argument further because she has cited no evidence or legal

11  authority to support her claim, and has therefore failed to argue "with any specificity." *See id.*;

12  ECF No. 43 at 4–5.

13      **B.  The ALJ's RFC determination was not supported by substantial evidence, and
14         remand for further proceedings is appropriate.**

15      Though the Commissioner argues that none of Plaintiff's arguments are meritorious, it

16  concedes that remand is "nevertheless necessary because the RFC is inconsistent with the

17  persuasive prior administrative medical findings." ECF No. 56 at 4. Plaintiff did not address this

18  argument. Therefore, the Court analyzes (1) whether the ALJ erred and if so, whether such error

19  was harmless, and (2) whether remand for further proceedings is appropriate, below.

20         *1.  The ALJ erred when he reached a contradictory conclusion, and such error was
21           not harmless.*

22      The ALJ found that Plaintiff had the RFC to perform light work with certain exceptions.

23  AR 19. None of these exceptions included limited contact with the public. *Id.* However, the ALJ

24  also found that the prior administrative medical findings of Mark Suyeishi, Psy.D., were

25  persuasive. AR 23. In considering these medical findings, the ALJ noted that Dr. Suyeishi found

26  that Plaintiff should have infrequent contact with the public. *Id.* The ALJ found this opinion

27  consistent with Plaintiff's medical records. *Id.* Therefore, there is an inconsistency between the

28                                                                8

ALJ's finding that Plaintiff had an RFC with no limits on her ability to interact with the public, and the ALJ's finding that Dr. Suyeishi's opinion—that Plaintiff should have infrequent contact with the public—was persuasive and consistent with other medical evidence.

"Evidence from state agency consultant physicians must be treated as expert opinion evidence; thus, the ALJ may not ignore these opinions and must explain the weight given to these opinions in their decisions." *Bain v. Astrue*, 319 F. App'x 543, 546 (9th Cir. 2009) (internal quotations omitted) (quoting SSR 96–6p). Here, the ALJ does address Dr. Suyeishi's opinion and explains why he finds it persuasive. AR 23. However, his explanation is not supported by substantial evidence because the doctor's medical findings contradict his RFC determination, as discussed above. Thus, because the ALJ failed to adequately explain why he found an RFC that differed from medical findings that he said were persuasive, his determinations are not supported by substantial evidence. *See Lucero v. Saul*, No. CV 20-518 KK, 2021 WL 2589130, at *16 (D.N.M. June 24, 2021).

An ALJ's error is harmless only if it is found to be "inconsequential to the ultimate non-disability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error] could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). Here, the error is not inconsequential because the ALJ decided the medical findings were persuasive, and if he followed them, could have reached a different disability determination. Likewise, another ALJ, crediting the assessment of Dr. Suyeishi, could have found that Plaintiff was disabled. The ALJ's contradictory record, therefore, was not harmless.

>    *2.   Given the contradictory conclusion, remand for further proceedings is proper.*

"Usually, if additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (internal quotations omitted) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). If a court wishes to remand to award benefits, it must satisfy the credit-as-true test. *Id.* at 1020. Under this test, the court must show that (1) the record has been fully developed and

further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; *and* (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (emphasis added). Here, the record has not been fully developed as to whether the ALJ agrees with Dr. Suyeishi's assessment that Plaintiff has a RFC that is limited to infrequent contact with the public. *See* AR 23. Moreover, the Court finds that further administrative proceedings would be useful for the ALJ to clarify his RFC finding and the weight he affords Dr. Suyeishi. Because factor one of the test is not satisfied, the Court will remand for further proceedings.[2] The Court grants the Commissioner's request that the remand include "offering Plaintiff the opportunity for another hearing, taking any necessary action to complete the administrative record, reevaluating the evidence, and issuing a new decision." ECF No. 56 at 8.

**IV.    CONCLUSION**

   **IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal (ECF No. 43) is DENIED.

   **IT IS FURTHER ORDERED** that the Commissioner's motion to remand (ECF No. 56) is GRANTED.

   **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of Plaintiff and close this case.


      DATED August 12, 2024.

                                          _____
                                          BRENDA WEKSLER
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Court will not award an immediate payment of benefits. In her motion, Plaintiff requests "immediate pay of entitled benefits for the period previously mentioned for emergency hardship." ECF No. 43 at 5. The Court has twice denied this specific request for relief. ECF Nos. 42, 55. The Court reiterates that it will not consider an immediate award of benefits unless Plaintiff receives a favorable determination. ECF No. 42.